UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JAMES JACOB JONES** | **CIVIL ACTION NO. 18-1500** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **LA DEPT. OF CORRECTIONS, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

Plaintiff James J. Jones, a prisoner at Morehouse Parish Jail proceeding pro se and in forma pauperis, filed the instant proceeding on November 15, 2018, under 42 U.S.C. § 1983. He names the following Defendants: Louisiana Department of Corrections, Louisiana Board of Probation and Parole, and the Fourth Judicial District Court.[1]  For reasons that follow, it is recommended that Plaintiff's claims be dismissed.

**Background**

On approximately March 28, 2013, Plaintiff pled guilty to simple burglary, and on July 11, 2013, a judge for the Fourth Judicial District Court, Parish of Morehouse, sentenced him to eight years of imprisonment.  See *James Jacob Jones v. LA Board of Probation and Parole*, 18-cv-1193 (W.D. La. 2018).

Plaintiff was released from incarceration "as if released on parole" on March 25, 2014, pursuant to Louisiana Revised Statute § 15:571.5(A).[2]  [doc. # 1-2, p. 4].  His parole was revoked

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

[2] LA. REV. STAT. § 15:571.5(A) provides, "When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole."

on September 14, 2017, and, as mentioned, he remains incarcerated. See *James Jacob Jones*, 18-cv-1193 at Doc. No. 8, p. 1.

Plaintiff essentially claims that, instead of parole, he should have been released unconditionally. He alleges that he entered an agreement with the Louisiana Department of Public Safety and Corrections ("DPSC"), entitled "Good Time Rate Option and Approval Form," in which he agreed to forego his incentive wages in exchange for a diminution of sentence in the form of good-time credit earned at a rate of 30 days of credit for every 30 days in custody. [doc. # 1-2, pp. 19-21]. The "contract," as Plaintiff refers to it, did not state that, on earning good-time credit, he would be released subject to parole supervision. *Id.* at 4. He asserts that he fulfilled his agreement and earned good-time credit equal to the number of years he was incarcerated prior to his release "as if released on parole." *Id.* at 2-3. Under his logic, he "diminished" or reduced his sentence and, because he served the entire reduced sentence, he was entitled to unconditional release.[3] *Id.* at 3. He also claims that, by foregoing incentive wages, he bought good-time credit and, by extension, unconditional release. *Id.* at 3-4, 21.

Relatedly, Plaintiff alleges that he was forced to choose between remaining incarcerated or signing a second "contract," entitled "Certificate of Parole," and agreeing to release subject to

---

[3] Under the current version of LA. REV. STAT. § 15:571.3(A)(1), entitled "Diminution of sentence for good behavior": "Every prisoner in a parish prison convicted of an offense and sentenced to imprisonment without hard labor . . . may earn a diminution of sentence, to be known as 'good time', by good behavior and performance of work or self-improvement activities, or both. The amount of diminution of sentence allowed under this Paragraph shall be at the rate of thirty days for every thirty days in actual custody . . . ." Similarly, under Section 15:571.3(B)(1)(a), "every offender in the custody of the department who has been convicted of a felony . . . and sentenced to imprisonment for a stated number of years or months, may earn, in lieu of incentive wages, a diminution of sentence by good behavior and performance of work or self-improvement activities, or both, to be known as 'good time'."

parole conditions. *Id.* at 19-20. He appears to construe this as a form of duress. *Id.*

Plaintiff also challenges the constitutionality of LA. REV. STAT. § 15:571.5, claiming that it violates due process, that its application results in double jeopardy,[4] and that it violates his right to equal protection. *Id.* at 2-3, 11-19.

Finally, Plaintiff alleges that Defendants failed to inform him that, if he earned good-time credit, he would be released as if released on parole rather than released unconditionally. *Id.* at 4.

Plaintiff seeks release from incarceration following his parole revocation, release free from all terms and conditions of parole, a stay of Louisiana Board of Pardons and Parole proceedings, a declaration that LA. REV. STAT. § 15:571.5 is unconstitutional, and $300,000.00 for his lost wages, his "loss of home and property," and his pain and suffering. [doc. #s 1, p. 4; 1-2, pp. 1, 2, 22].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[5] See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is

---

[4] He reasons that, because he earned good-time credits, served his sentence, and obtained a liberty interest in unconditional release, the imposition of parole conditions amounted to "a second punishment." *Id.* at 10-12.

[5] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. Habeas Corpus Relief**

As noted, Plaintiff seeks release from incarceration following his parole revocation, release free from all terms and conditions of parole, and a stay of Louisiana Board of Pardons and Parole proceedings "forbidding" Defendants from enforcing parole supervision. [doc. #s 1, p. 4; 1-2, pp. 1, 2, 22]. Although Plaintiff filed this action under 42 U.S.C. § 1983, the relief he seeks constitutes a challenge to his prior supervised release and his subsequent incarceration for violating the conditions of his supervised release.

"Challenges to supervised conditions of release under Louisiana's good-time statute are construed as challenges to the length of confinement." *Damond v. LeBlanc*, 552 F. App'x 353, 354 (5th Cir. 2014). "As such, '[h]abeas petitions are the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.'" *Id.* (quoting *Edge v. Stalder*, 240 F.3d 1074 (5th Cir. 2000)).[6]

---

[6] With respect to Plaintiff's request for a stay, "broad-based challenges to the parole board's rules and procedures that affect a prisoner's release must also be pursued in habeas corpus, if resolution of the factual and legal allegations would automatically entitle the plaintiff to accelerated release." *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Here, Plaintiff asks the Court to "stay" proceedings and, more important, to forbid Defendants from enforcing the parole conditions he allegedly violated. Considering that he is incarcerated because he allegedly violated his conditions of parole, granting his requested relief would entitle him to immediate or accelerated release. See *id.* ("[A] distinction must be made between claims that would merely enhance eligibility for accelerated

Here, Plaintiff's requests are only cognizable through a petition for writ of habeas corpus under 28 U.S.C. § 2241. See *Preiser v. Rodriguez*, 411 U.S. 475, 93 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Richie v. Scott*, 70 F.3d 1269 (5th Cir. 1995) ("Habeas petitions challenging the revocation of the petitioner's parole sound under § 2241."); *Rome v. Kyle*, 42 F.3d 640 (5th Cir. 1994) (construing a request for release from conditions of parole supervision as a petition for relief under 28 U.S.C. § 2241); *Gilbert v. Purdy*, 192 F.3d 126 (5th Cir. 1999). Accordingly, the claims for which Plaintiff seeks unconditional release and a stay should be dismissed.[7]

---

release and those that would create entitlement to such relief. A claim that has an indirect impact on the determination of whether a claimant eventually receives parole may still be cognizable under § 1983.") (quoted sources omitted).

[7] Plaintiff filed a Petition for Writ of Habeas Corpus on August 28, 2018. *James Jacob Jones v. LA Board of Probation and Parole*, 18-cv-1193 (W.D. La. 2018). The Court dismissed the proceeding with prejudice on October 23, 2018, finding the Petition untimely. *Id.* at Doc. No. 11. The undersigned cautions that a second Petition for Writ of Habeas Corpus is susceptible to dismissal: (1) on the same grounds that the Court dismissed the prior petition; (2) as successive; or (3) as an abuse of the writ. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Davidson v. U.S. Dep't of Justice*, 239 F.3d 366 (5th Cir. 2000) (finding no abuse of discretion where a district court, relying on 28 U.S.C. § 2241(a), dismissed a habeas petition filed under 28 U.S.C. § 2241 by a petitioner challenging his parole proceedings); *Davis v. Fetchel*, 150 F.3d 486, 490-91 (5th Cir. 1998) (finding that a third § 2241 petition constituted an abuse of the writ).

### 3. *Heck v. Humphrey*

Plaintiff's remaining requests for relief relate to his overarching claim[8] that he earned or purchased good-time credits, that he consequently diminished his sentence, that he served the entirety of his diminished sentence, that he should have been released unconditionally after he served his diminished sentence, and that, therefore, the imposition of parole and the subsequent parole revocation were unlawful.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.

Here, at bottom, Plaintiff alleges that the sentence under which he is incarcerated is either invalid or is no longer enforceable.[9] Thus, a judgment in Plaintiff's favor would necessarily imply the invalidity of his sentence. See *Damond*, 552 F. App'x at 354 (reasoning, where the plaintiff raised claims strikingly analogous to the claim here, that "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."); *Emerson v. Provencher*, 2016 WL 7974655, at *3 (M.D. La. Oct. 4, 2016), report and recommendation adopted, 2017 WL 359188 (M.D. La. Jan. 24, 2017) (finding, where the plaintiff sought monetary relief for being subject to "alleged wrongful supervisory conditions[,]" that the

---

[8] Plaintiff essentially raises one overarching claim: the sentence under which he is incarcerated is invalid. That said, he claims that his sentence is invalid for multiple reasons. The undersigned, therefore, uses the nouns "claim" and "claims" interchangeably.

[9] In Plaintiff's prior habeas corpus proceeding, the undersigned alerted Plaintiff that the rule announced in *Heck v. Humphrey* could pose an impediment to any subsequent civil rights action. See *James Jacob Jones*, 18-cv-1193 at Doc. No. 9, p. 8.

7

plaintiff's claim was "barred by the doctrine set forth in" *Heck* because a judgment in his favor would imply that his "supervised confinement should be curtailed."). As Plaintiff has not shown that his sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, this claim, insofar as it relates to Plaintiff's requests for declaratory and monetary relief, should be dismissed.[10]

### Recommendation

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff James Jacob Jones' claims, to the extent they relate to his requests for declaratory and monetary relief, be **DISMISSED WITH PREJUDICE** as frivolous until the *Heck* conditions are met.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims, to the extent they relate to his requests for release from incarceration following his parole revocation, for release free from all terms and conditions of parole, and for a stay of Louisiana Board of Pardons and Parole proceedings "forbidding" Defendants from enforcing parole supervision, be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to pursue habeas corpus relief.[11]

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion for Production of Documents, [doc. # 2], be **DISMISSED WITH PREJUDICE AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by

---

[10] See *Mann v. Denton Cty. Texas*, 364 F. App'x 881, 883 (5th Cir. 2010) (recognizing that *Heck* also applies to requests for injunctive and declaratory relief); *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.").

[11] See *supra* note 6.

this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 20th day of December, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE